IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

HOT SPRING COUNTY SOLID WASTE
AUTHORITY; ANGELA PIGUE; AND
LORI CHILDERS                                            PLAINTIFFS

     V.                      Civil No. 05-6065

UNITEDHEALTH GROUP d/b/a
UNITED HEALTHCARE; CAREMARK,
INC.; ADVANCE PCS; MEDCO HEALTH
SOLUTIONS, INC.; JOHN DOE #1;
JOHN DOE #2; AND JOHN DOE #3                             DEFENDANTS

## **O R D E R**

Currently before the Court is Plaintiffs' Motion for Remand (Doc. 12). Separate Defendant UnitedHealth Group, Inc. filed a response (Doc. 13), and Separate Defendants Caremark, Inc. and Advance PCS joined in that response (Doc. 14). UnitedHealth Group previously removed this action from state court asserting diversity jurisdiction on August 5, 2004. This Court remanded the action on October 1, 2004 (Doc. 1-3, pp. 51-58). UnitedHealth again removed this action on August 29, 2005, alleging that the case was removable under the Class Action Fairness Act of 2005, Pub.L. 109-2, 119 Stat. 4 (2005)(CAFA) as Plaintiff Hot Spring County Solid Waste Authority (SWA) filed an amended complaint on July 26, 2005 which added two of its employees as Plaintiffs. This was an effort to cure lack of standing in its claims against Defendants which related to the overcharging of co-payments by SWA's employees for prescription

drugs.[1]

Plaintiffs move to remand the case back to state court, asserting that the Class Action Fairness Act does not apply to this action as it was commenced prior to the enactment of the Act. Defendants contend that the filing of Plaintiffs' Third Amended complaint on July 26, 2005 commenced a new action subsequent to the enactment of the Act, and the case is removable under CAFA.

SWA filed its original class action complaint in the Circuit Court of Hot Spring County, Arkansas on June 23, 2004 against the current defendants, as well as, Hatcher Enterprises, Inc. d/b/a Hatcher Insurance Agency (Doc. 1-3, pp. 3-17). The original complaint alleged a violation of the Arkansas Deceptive Trade Practices Act, as well as claims for breach of fiduciary duty, civil conspiracy, negligent supervision and negligent management. SWA amended its complaint on July 15, 2004 to include fictitious names of a defendant, although the claims remained the same (Doc. 1-3, pp. 15-17).

On August 5, 2004, Separate Defendant UnitedHealth Group, Inc. filed its first removal to this Court asserting the existence of diversity jurisdiction based upon the fraudulent

---

[1] The state court granted a motion to dismiss as to these claims stating that SWA lacked standing to bring them on behalf of its employees but allowing SWA twenty days to amend its complaint to allow SWA's employees to bring claims on their own.

2

joinder of Hatcher Enterprises, Inc. SWA moved to remand the case, and the motion was granted on October 1, 2004 (Doc. 1-3, pp. 51-58).

SWA filed its Second Amended Class Action Complaint in state court on December 13, 2004 adding a negligence claim against all Defendants (Doc. 1-4, pp. 40-42). On that date, SWA voluntarily dismissed Separate Defendant Hatcher Enterprises, Inc. d/b/a Hatcher Insurance Agency (Doc. 1-4, pp 44-46). On June 23, 2005, the Honorable Chris E. Williams found that SWA did not have standing to pursue Co-Payment Claims on behalf of its employees and permitted SWA twenty days to amend its Complaint in order to satisfy the standing requirement (Doc. 1-5, pp. 42-43). SWA was granted an extension to file its amendment and on July 26, 2005 filed its Third Amended Class Action Complaint which added as Plaintiffs, Angela Pigue and Lori Childers, both employees of SWA (Doc. 1-5, pp. 59-61).

CAFA was enacted on February 18, 2005 extending the limited jurisdiction of the federal courts to include many class action lawsuits in which the amount in controversy is over $5,000,000 and the parties are sufficiently diverse. *See* 28 U.S.C. § 1332(d)(2)(A). It is clear that CAFA is not retroactive and only applies to class actions filed after the date of its enactment. Accordingly, the issue is whether the filing of Plaintiffs' Third Amended Complaint subsequent to the effective

3

date of CAFA constitutes the commencement of a new action for purposes of subject matter jurisdiction.

The party seeking removal or opposing remand has the burden of establishing federal jurisdiction, and all doubts on that issue are to be resolved in favor of remand. *Transit Casualty Co. v. Certain Underwriters at Lloyd's of London,* 119 F.3d 619, 625 (8th Cir. 1997). As a court of limited jurisdiction, a federal district court has a duty to assure itself that the threshold requirement of subject matter jurisdiction has been met in every case. *Bradley v. American Postal Workers Union, AFL-CIO,* 962 F.2d 800 (8th Cir. 1992).

The parties have cited case law dealing with actions removed under CAFA after the filing of an amended complaint. While instructive on the issue, none of the cases deal directly with the issue in this case which is whether an amended complaint necessitated by a plaintiff's lack of standing constitutes commencement of a new action for purposes of determining whether CAFA is applicable. In briefs on this issue, both Plaintiffs and Defendants concentrate their arguments on whether the Third Amended Complaint relates back to the filing of the original complaint in this action. However, as Judge Holmes noted in *Weekley v. Guidant Corp.*, 392 F.Supp.2d 1066 (E.D. Ark. 2005), this analysis is irrelevant under CAFA.

4

In *Weekley*, Judge Holmes concluded the CAFA did not apply although the plaintiff amended the complaint subsequent to CAFA's enactment to seek nationwide class certification. In determining whether CAFA was applicable to an amended complaint, the court discussed the difference between the commencement of a civil action and the addition of a claim or cause of action. *Id.* at 1068.

> When Congress said in §9 of [CAFA] that the Act would apply to "any civil action commenced" before February 18, 2005, it used clear, unambiguous, familiar legal terms.... Throughout the [removal] statutes, a "civil action" refers to the entire proceeding in a civil case. When a "civil action" is removed, the whole case, the whole proceeding, is removed. In narrow circumstances defined in 28 U.S.C. § 1452, "any claim or cause of action in a civil action" may be removed; which is to say that the statutes distinguish between "a claim or cause of action," and "a civil action." A claim or cause of action is asserted in and is a part of a civil action, but the term *civil action* is more encompassing.... A civil action, viewed as the whole case, the whole proceeding, can only be commenced once. Pleadings may be amended, but amending pleadings does not commence a civil action.... Some claims asserted in the initial complaint may be dismissed, voluntarily or involuntarily, during the course of the action. Other claims may be added during the course of the action. Those claims may or may not "relate back" to the original complaint for limitations purposes. Nevertheless, a civil action, viewed as the entirety of the case or the entirety of the proceeding, commenced when the initial complaint was filed.

*Id.* at 1067-68 (internal citation omitted).

In *Weekley*, the Court found that whether an amendment to the complaint relates back to the original complaint is

5

irrelevant stating:

> Congress did not say that [CAFA] would apply to actions in which the complaint was amended after February 18, 2005, so as to make the action removable, unless the amendment related back to the initial complaint, which is what the statute would need to say for the discussion of whether the amendment relates back to become relevant.

*Id.* at 1068.

The Court finds that the addition of Plaintiffs Pigue and Childers in the Third Amended Complaint did not consitute the commencement of a new action. This action was commenced prior to the enactment of CAFA, and this Court lacks jurisdiction. Plaintiffs' Motion for Remand (Doc. 12) is GRANTED, and this case is remanded to the Circuit Court of Hot Spring County. Defendant UnitedHealth Group, Inc's Motion to Dismiss the Third Amended Complaint (Doc. 9) is DENIED AS MOOT.

IT IS SO ORDERED this 13th day of January 2006.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge

AO72A
(Rev. 8/82)